IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES R.,[1]

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:18-cv-01147-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff James R. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. When applicable, this opinion uses the same designation for the non-governmental party's immediate family member.

1383(c). For the reasons below, the Commissioner's decision is REVERSED, and the case is REMANDED for further proceedings.

## BACKGROUND

Plaintiff applied for disability benefits on July 7, 2014. He alleged disability starting February 1, 2013 due to diabetes mellitus, hearing impairment, and neuropathy. Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") on June 15, 2017. On August 21, 2017, the ALJ issued his decision finding plaintiff not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Baston v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must "examine the administrative record as a whole, weighing both the evidence that supports and detracts" from the ALJ's decision. *Gonzales v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

## DISCUSSION

The ALJ below determined that plaintiff was not disabled under the Social Security Act. The Social Security Administration uses a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof falls to the claimant at steps one through four and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). At step four, the ALJ considers the claimant's residual functional capacity ("RFC") and past relevant work. If the ALJ finds—based on the RFC—that the claimant can still perform past relevant work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the ALJ finds the plaintiff cannot still perform past relevant work, then the ALJ will move on to step five. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ below found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 37.[2] At step two, the ALJ found that plaintiff had several severe impairments: diabetes, neuropathy, hearing loss, tinnitus, and hypertension. *Id.* At step three, the ALJ found that plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 39.

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

The ALJ then determined that plaintiff had an RFC "to perform light work, as defined in 20 CFR 404.1567(b), that does not require more than frequent use of foot controls; that occurs in a moderate or quieter noise environment or that routinely allows the claimant to wear hearing protection that reduces the noise level to moderate, and that does not require exposure to vibration or hazards." Tr. 40. Then, at step four, the ALJ found that plaintiff was "capable of performing past relevant work as a postal clerk." Tr. 43. As a result, the ALJ concluded that plaintiff was not disabled. Tr. 43.

Plaintiff alleges that the ALJ erred in rejecting the opinions of J. Scott Pritchard, D.O., and Thomas W. Davenport, M.D., two State Disability Determination Services consultants. The doctors reviewed plaintiff's medical records, findings from his consultative examination, treatment records, and plaintiff's reported activities to render opinions about how plaintiff's impairments might limit his ability to work. Tr. 52–54, 64–69. Among other environmental limitations, each doctor opined that plaintiff should "[a]void even *moderate* exposure" to noise. Tr. 58, 73 (emphasis added).

The ALJ gave "great weight" to most of the opinions provided by Dr. Pritchard and Dr. Davenport, noting that these doctors "are considered experts in the Social Security Disability programs and their opinions are well supported by the medical evidence." Tr. 42. However, the ALJ noted that "the longitudinal record shows that with hearing aids, the claimant would not need to see the speaker's face, as set forth by Dr. Pritchard and Dr. Davenport," and he therefore did not include such limitation

in plaintiff's RFC. Tr. 42. And the ALJ did not adopt the doctors' opinions that plaintiff could not tolerate "moderate" exposure to noise. Instead, as mentioned, the ALJ determined that plaintiff could perform work "that occurs in a moderate or quieter noise environment or that routinely allows the claimant to wear hearing protection that reduces the noise level to moderate." Tr. 40.

An ALJ's rejection of medical opinions must be "explicit" and supported by "substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may not simply provide his own conclusion; he must also explain why his interpretation of the evidence differs from the doctors'. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ also may not ignore relevant evidence but must consider the evidence "as a whole" in arriving at a conclusion based on "substantial evidence." *Holohan v. Massanari*, 246 F.3d 1195, 1201, 1207 (9th Cir. 2001). "[A]n ALJ errs when he rejects a medical opinion . . . while doing nothing more than ignoring it." *Garrison*, 759 F.3d at 1012–13.

Here, the only explanation that the ALJ gave for rejecting the reviewing doctors' opinions about plaintiff's hearing-related limitations was that "the longitudinal record shows that with hearing aids, the claimant would not need to see the speaker's face . . . ." Tr. 42. The ALJ attributed that opinion to the Dr. Pritchard and Dr. Davenport, but neither doctor provided that opinion. As the ALJ noted, Brandon Markus, D.O., who examined plaintiff, opined that plaintiff would need to see a speaker's face to understand them. Tr. 42, 430–31. Although Dr. Pritchard

and Dr. Davenport both examined Dr. Markus's examination records, neither doctor referenced that limitation in their report. *See* Tr. 51–61, 63–76.

The ALJ's only reason for rejecting the opinions of Dr. Davenport and Dr. Pritchard is thus either not supported by the record or is based on a misreading of the record. Because the ALJ provided no other reason to reject of the doctor's opinions about plaintiff's noise limitations, the ALJ erred in rejecting those opinions.

In rejecting the opinions of Drs. Pritchard and Davenport, the ALJ may have committed a harmless error. In general, an error is harmless if "it does not negate the validity of the ALJ's ultimate conclusion." *Cha Yang v. Commissioner of Social Sec. Admin.*, 488 Fed. Appx. 203, 204 (9th Cir. 2012) (citation omitted). However, remand—rather than affirmance—is appropriate where an error prevents the district court's "meaningful review" of the ALJ decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Here, the ALJ prevented this Court from being able to meaningfully review his decision by failing to provide a reason for his rejection of the doctors' opinions on environmental noise limitations. *See id.*

Furthermore, the ALJ determined that plaintiff could perform past relevant work as a Postal Clerk, which has a noise level of "Level 3 – Moderate." *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCODICOT"), Part B 209.687-26. And when asked by the ALJ at the hearing, a Vocational Expert ("VE") provided three other occupations that exist in substantial numbers in the national economy that plaintiff could perform: Motel Cleaner, Electronic Worker, and Packing Line Worker. Tr. 570. However, each of these also

has a "Moderate" noise level. SCODICOT, Part B 323.687-014, 726.687-010, 753.687-038. The ALJ did not ask the VE whether any occupations exist in substantial numbers for someone with the same characteristics and RFC as plaintiff but with a more restrictive environmental noise limitation.

It is therefore unclear whether the ALJ would have reached the same disability determination even if he had included the doctors' environmental noise limitation in plaintiff's RFC. As a result, it is uncertain whether the ALJ's rejection of the doctors' opinions was inconsequential to his final disability determination. *Black v. Astrue*, 472 Fed. Appx. 491, 493 (9th Cir. 2012) (citing *Stout c. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). Because it is not clear whether the ALJ's error was harmless, I remand the case to the ALJ to consider all the evidence. *See id.* at 493 (finding remand appropriate where the court could not "determine whether the error was harmless because the ALJ did not provide a statement of reasons for rejecting evidence relevant to [the plaintiff's RFC]").

## CONCLUSION

The Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

Dated this 5th day of February 2020.

Ann Aiken
United States District Judge